## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S.B., a minor by her parent and legal      :
guardian, AZANIA MUWWAKKIL and    :
AZANIA MUWWAKKIL, in her own right :
                                     :     CIVIL ACTION
                                     :
       v.                            :     JURY TRIAL DEMANDED
                                     :
KNOWLEDGE LEARNING           :     No. _____
CORPORATION a/k/a and/or d/b/a     :
KinderCare                        :

## NOTICE OF REMOVAL

      Defendant, KinderCare Learning Centers LLC, misnamed as "Knowledge Learning

Corporation," by and through its counsel, Ward Greenberg Heller & Reidy LLP, hereby gives

notice of removal of this civil action from the Court of Common Pleas of Philadelphia County,

Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. This

Notice of Removal is filed pursuant to 28 U.S.C. §§1441 and 1446.  As grounds for removal,

defendant avers as follows:

      1.     Plaintiffs, citizens of the Commonwealth of Pennsylvania, commenced this action

by filing a Complaint on February 18, 2015 in the Court of Common Pleas of Philadelphia

County.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

      2.     Removing defendant, KinderCare Learning Centers LLC, is a limited liability

company which, as more fully set forth below, is a citizen of the states of Delaware and Oregon.

      3.     The Complaint filed on February 18, 2015 is an initial pleading for purposes of

§1446(b) and was the first pleading, motion, order or other paper from which it could be

ascertained that the action was removable.

4.      This is a civil action over which this Court has original jurisdiction pursuant to 28

U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

5.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders

received by defendant are attached hereto as Exhibit A.

### This Notice is Timely Filed in Accordance With § 1446

6.      This Notice of Removal is timely because it is filed within thirty (30) days of

February 24, 2015—the date on which the Complaint was served and the earliest date on which

it could be ascertained that plaintiff's case was removable.  28 U.S.C. § 1446(b).

7.      Further, this Notice of Removal is being filed within one year of the

commencement of this action by plaintiff on February 18, 2015.  28 U.S.C. § 1446(b).

### Diversity of Citizenship

8.      Upon information and belief, at the time plaintiffs' Complaint was filed, and at

the time this notice of removal is being filed, plaintiffs were and are domiciled in and are citizens

of the Commonwealth of Pennsylvania. *See* Complaint, Exhibit "A," ¶ 1.

9.      KinderCare Learning Centers LLC is a limited liability company.

10.      For purposes of determining the citizenship of a limited liability company, the

Court must look to the citizenship of the company's members. *See Zambelli Fireworks Mfg. Co.,*

*Inc. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010).  When a member is a corporation, it is to be

considered a citizen of the states where it was formed and where it has its principal place of

business. *See id.*

11.     At the time plaintiff's Complaint was filed, and at the time this notice of removal

is being filed:

a)      defendant KinderCare Learning Centers LLC was and is a limited liability
        company whose sole member was and is Knowledge Universe Education
        LLC;

b)      Knowledge Universe Education LLC was and is a limited liability
        company whose sole member was and is Knowledge Schools LLC;

c)      Knowledge Schools LLC was and is a limited liability company whose
        sole member was and is Knowledge Universe Education Holdings, Inc.;
        and,

d)      Knowledge Universe Education Holdings, Inc. was and is a corporation
        formed under the laws of the state of Delaware with its principal place of
        business at 650 NE Holladay Street, Portland, Oregon.

12.     Accordingly, complete diversity of citizenship existed at the time this action was

commenced and continues to the date of this filing

**<u>Amount in Controversy</u>**

13.     Removal is proper if defendant establishes by a preponderance of the evidence

that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §

1446(c)(2)(B).

14.     Plaintiffs state in their complaint that they seek damages in excess of $50,000.

15.     Rule 1021(b) of the Pennsylvania Rules of Civil Procedure does not allow parties

seeking unliquidated damages to "claim any specific sum." Pa.R.Civ.P. 1021(b). Accordingly,

plaintiffs' demand is the exception provided for in § 1446(c)(2)(A)(ii) and removing defendant

must establish by a preponderance of the evidence that the amount in controversy exceeds

$75,000. *See Stevenson v. Wal-Mart Stores, Inc.*, Civ. A. No. 14-4073, 2015 U.S. Dist. LEXIS

3548, 2015 WL 158811, *3 (E.D. Pa. Jan. 12, 2015) (requiring defendant to show by a

preponderance of the evidence that plaintiff's claim for an unliquidated amount "in excess of $50,000" exceeded the $75,000 jurisdictional threshold).

16.     In determining the amount in controversy, the Court must first look to the Complaint to assess the damages demanded by the plaintiff. If the Complaint is open-ended and does not allege a specific amount, the Court must perform an independent appraisal of the value of the claim. The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993); *see* 28 U.S.C. § 1446(c); *Tuckey v. Intermatic, Inc.*, No. 1:13-CV-02096, 2014 U.S. Dist. LEXIS 8952, *6-7 (M.D. Pa. Jan. 24, 2014).

17.     Plaintiffs allege in the Complaint that the minor plaintiff, S.B., sustained traumatic hair loss, head pain, traumatic alopecia, post-traumatic stress symptoms, behavioral development, and other severe injuries to other injuries (sic) the extent and nature of which are as yet not fully determined, post-concussion syndrome and post-traumatic anxiety reaction, including but not being limited to headaches, nausea, fatigue, insomnia, dizziness, limitation of motion, severe aches and pains, mental anguish and anxiety and severe nervous shock ...." *See* Complaint, Ex. A, ¶ 12.

18.     Plaintiffs allege in the Complaint that all of the minor plaintiff's injuries are permanent and may cause her great pain and suffering in the future. *See* Complaint, Ex. A, ¶ 12.

19.     Plaintiffs allege that they have incurred and will continue to incur substantial expenses to treat minor plaintiff's injuries. *See* Complaint, Ex. A, ¶ 13.

20.     On March 9, 2015, removing defendant received from plaintiffs' counsel a package of treatment records which include the following:

a)      Emergency Department Record of Children's Hospital of Philadelphia dated April 2, 2013 stating diagnosis of traumatic hair loss;

b)      Record of psychotherapy visits of May 31, 2013 and June 28, 2013 with Ursula Frank-Henry, MA, LPC, NCC stating a DSM-IV-TR diagnosis of separation anxiety disorder;

c)      Progress Notes of Stephanie Drabble, MSW of Children's Hospital of Philadelphia for visits of October 15, 2013 and October 22, 2013 noting behavioral changes following an incident at a daycare center including poor sleep, nightmares, increased clinginess, more frequent tantrums, enuresis and encopresis and more aggressive behavior when playing. Findings included post-traumatic stress disorder, separation anxiety disorder, and "regressed pattern of behavior which includes trouble with self-care, independence and toileting appropriately." Ms. Drabble's records also include results of BASC-2 testing (Behavior Assessment System for Children) showing deficits in the clinically significant range for externalizing problems, hyperactivity, aggression, anxiety and behavioral systems. Ms. Drabble provided a DSM-IV-TR diagnosis of adjustment disorder with mixed disturbance of conduct;

d)      Psychotherapy Progress Notes of Victoria Wright-Adams, Ph.D., LPC documenting eight visits between September 12, 2014 and February 6, 2015 with diagnoses of "post-traumatic stress disorder, child psychological abuse, suspected, initial encounter and unspecific anxiety disorder." Dr. Wright-Adams noted increased aggression and anger, delusional beliefs and agitated, bizarre, aggressive and guarded behaviors. Dr. Wright-Adams recommended that the minor plaintiff see her on a weekly basis. The most recent of the records provided to defendant shows that on February 6, 2015, Dr. Wright-Adams recommended that the minor plaintiff continue weekly treatments with "current therapeutic focus;"

e)      Progress Notes of Stephen Hess, M.D. for a dermatologic evaluation of November 27, 2013 stating that plaintiff's hair loss may result in some "subtle scarring/loss of hair follicles" and that "regrowth may not be complete." Dr. Hess stated that "there is no active treatment available for this condition."

21.     Considering the nature of the minor plaintiff's claimed injuries, the extent of the treatment she has sought thus far, and her claims of severity, permanence and future impact, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22.     Therefore, as to said claims and causes of action of plaintiff, jurisdiction is vested in this Court and defendants are entitled to removal.  28 U.S.C. §§ 1332 and 1441.

23.     Venue is properly laid in this district pursuant to 28 U.S.C. § 1441(a).

24.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff and a certified copy will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship between the plaintiffs and the defendant, and removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

WARD GREENBERG HELLER & REIDY LLP

By: _____
Edward A. Greenberg (EAG3642)
1835 Market Street, Suite 650
Philadelphia, PA  19103
(215) 836-1100

Attorneys for Defendant
KinderCare Learning Centers LLC

Date:  March 24, 2015

6

## CERTIFICATION OF SERVICE

I, Edward A. Greenberg, hereby certify that a true and correct copy of the Notice of

Removal was served via United States first class mail on the date indicated addressed to the

following:

Daniel J. Anastasia, Esquire
Lobel, Kaufmann and Anastasia
230 South Broad Street, 9th Floor
Philadelphia, PA  19102

_____
Edward A. Greenberg (EAG3642)

Date:  March 24, 2015

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

**FEBRUARY 2015**

E-Filing Number: 1502034848

**002114**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ▬▬▬▬ | KNOWLEDGE LEARNING CORPORATION , ALIAS: KINDERCARE |
| **PLAINTIFF'S ADDRESS**<br>2208 ALFRED DRIVE APT. E<br>YEADON PA 19050 | **DEFENDANT'S ADDRESS**<br>650 NE HOLLADAY STREET SUITE 1400<br>PORTLAND OR 97232 |
| **PLAINTIFF'S NAME**<br>AZANIA MUWWAKKIL | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS**<br>2208 ALFRED DRIVE APT. E<br>YEADON PA 19050 | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | ☒ Complaint      ☐ Petition Action      ☐ Notice of Appeal<br>☐ Writ of Summons      ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br>FEB 18 2015<br>J. OSTROWSKI | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ▬▬▬▬▬     , AZANIA MUWWAKKIL

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>DANIEL J. ANASTASIA | ADDRESS<br>LOBEL, KAUFMANN AND ANASTASIA<br>230 SOUTH BROAD STREET<br>9TH FLOOR<br>PHILADELPHIA PA 19102 |
|---|---|
| **PHONE NUMBER**<br>(215) 545-4300          **FAX NUMBER**<br>(215) 546-8441 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>65684 | **E-MAIL ADDRESS**<br>phillyatty@gmail.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>*DANIEL ANASTASIA* | **DATE SUBMITTED**<br>Wednesday, February 18, 2015, 01:39 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by*
*PROTHONOTARY*
*18 FEB 2015 01:33 pm*
*J. OSTROWSKI*

████████, a minor by her parent & legal guardian, Azania Muwwakkil
2208 Alfred Drive, Apt. E
Yeadon, PA 19050
and
Azania Muwwakkil, in her own right
2208 Alfred Drive, Apt. E
Yeadon, PA 19050

v.

Knowledge Learning Corporation, a/k/a and/or d/b/a KinderCare
650 NE Holladay Street, Suite 1400
Portland, OR 97232

# NOTICE TO DEFEND

<table>
<tr><td>

## NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

</td><td>

## AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

</td></tr>
</table>

10-284

Case ID: 150202114

**This is a Major Non-Jury Matter**
**Assessment of Damages is hereby demanded**

KAUFMANN AND ANASTASIA
BY: DANIEL ANASTASIA
IDENTIFICATION NO. 65684
230 S. Broad Street, 9th Floor                    **Attorney for Plaintiff**
Philadelphia, PA 19102
(215) 545-4300

███████████, a minor by her parent and   : COURT OF COMMON PLEAS
legal guardian, AZANIA MUWWAKKIL         : PHILADELPHIA COUNTY
2208 Alfred Drive, Apt. E                : CIVIL ACTION -LAW
Yeadon, PA 19050                         :
        and                              :
AZANIA MUWWAKKIL, in her own right       :
2208 Alfred Drive, Apt. E                :
Yeadon, PA 19050                         :
                                         :
                                         :
        v.                               :
                                         :
KNOWLEDGE LEARNING CORPORATION  :
a/k/a and/or d/b/a KinderCare            :
650 NE Holladay Street                   :
Suite 1400                               :
Portland, OR 97232                       :

## CIVIL ACTION COMPLAINT

1. The plaintiff, ████████, is a minor and citizen of the Commonwealth of
Pennsylvania and brings this action through her parent and legal guardian, Azania Muwwakkil,
residing at the above-captioned address.

2. The plaintiff, Azania Muwwakkil, is an individual and citizen of the Commonwealth
of Pennsylvania residing at the above-captioned address.

3. The defendant, Knowledge Learning Corporation, a/k/a and/or d/b/a KinderCare, is
believed to be a foreign corporation doing business within the City of Philadelphia and
Commonwealth of Pennsylvania and maintained a place of business at 451 E. Germantown Pike,
East Norriton, PA 19401.

Case ID: 150202114

4. At all times material hereto, the defendant owned, operated, supervised and/or maintained KinderCare, a child care/daycare center, located at 451 E. Germantown Pike, East Norriton, PA19401 and was responsible for the supervision, education and well-being of the children enrolled at its center.

5. At all time relevant hereto, the minor plaintiff was enrolled and attended the aforementioned KinderCare.

6. At all times relevant hereto, the defendant regularly and systematically conducted business in Philadelphia County and has availed itself of jurisdiction in Philadelphia County.

7. On or about April 1, 2013, the minor plaintiff was in the care and custody of the Defendant and it's agents when she was assaulted where a hair braid was violently ripped and pulled out of her scalp and person resulting in injury to her head and scalp.

8. The defendant, Knowledge Learning Corporation, a/k/a and/or d/b/a KinderCare, by and through its employees, agents and/or servants, owed a duty to the minor plaintiff and the plaintiff.

9. The defendant, by and through its employees, agents and/or servants, undertook the care and safekeeping of the minor plaintiff and held itself to be trained in child care and safety. The actions and inactions of the defendant and the lack of attention, training and supervision of defendant breached the duty of care to the  the minor plaintiff and the plaintiff.

10. The above described incident was caused by the carelessness and negligence of the defendant and was in no way caused by any act or failure to act on the part of the minor plaintiff and/or plaintiff.

Case ID: 150202114

11.    At the time and place aforementioned, defendant, by and through its employees, agents and/or servants, was negligent in:

      (a)     allowing another child to harm the minor plaintiff;

      (b)     failing to properly supervise the children at its daycare center;

      (c)     failing to properly train its staff, employees, agents and/or servants;

      (d)     failing to follow established child safety guidelines;

      (e)     violated any state, county and/or applicable statutes;

      (f)     Otherwise failing to exercise due care and being otherwise negligent under the circumstances.

12. Solely as the result of the aforesaid negligence and carelessness of the defendant, the minor plaintiff, ▮▮▮▮▮▮, sustained traumatic hair loss, head pain, traumatic alopecia, post traumatic stress symptoms, behavioral development, and other severe injuries to other injuries the extent and nature of which are as yet not fully determined, post-concussion syndrome and post-traumatic anxiety reaction, including but not being limited to headaches, nausea, fatigue, insomnia, dizziness, limitation of motion, severe aches and pains, mental anguish and anxiety and severe nervous shock, all of which injuries are permanent in nature and have in the past and may in the future cause the minor plaintiff great pain and suffering.

13. As a further result of her aforesaid injuries, the minor plaintiff and the plaintiff have been in the past and may in the future be obliged to expend large sums of money for medicines and medical attention in and about endeavoring to treat and cure the minor plaintiff of her aforesaid injuries.

Case ID: 150202114

**WHEREFORE**, the minor plaintiff, ███████████ and the plaintiff, Azania

Muwwakkil, demand judgment against the defendant,  Knowledge Learning Corporation, a/k/a

and/or d/b/a KinderCare,  for a sum on money in excess of Fifty Thousand Dollars ($50,000.00).


                                                    KAUFMANN & ANASTASIA

DATE: 2/18/15                          BY:    _____
                                                    DANIEL J. ANASTASIA, ESQUIRE
                                                    **Attorney for Plaintiff**

Case ID: 150202114

## VERIFICATION

I, Azania Muwwakkil, being duly sworn according to law, deposes and states that she is the Plaintiff in the within matter, and that the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of her knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.

Date 2/18/15

Azania Muwwakkil