IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. B., a minor by her parent and legal guardian, Azania Muwwakkil and Azania Muwwakkil, in her own right :<br><br>Plaintiffs<br><br>v.<br><br>KinderCare Learning Centers, LLC<br><br>Defendant | CIVIL ACTION<br><br>No. 15-1499 |

## PLAINTIFFS' OBJECTIONS TO DEFENDANT'S AFFIDAVIT OF FEES AND COSTS
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41

Plaintiff S. B., a minor and by her parent and legal guardian, Azania Muwwakil and Plaintiff Azania Muwwakil, in her own right, filed for leave to voluntarily dismiss this action pursuant to F.R.C.P. 41 without prejudice. Thereafter, Defendant filed a Response to the motion to dismiss and requested that the Plaintiffs' motion be denied. On June 22, 2015, this Honorable Court entered an Order that:

> • Pursuant to Federal Rule of Civil Procedure 41(a), and for the reasons set forth on the record, the Complaint is DISMISSED without prejudice;
>
> • Plaintiffs may refile their Complaint by June 24, 2019,' on the condition that Plaintiffs pay Defendant reasonable attorneys' fees and costs as determined by the Court; and
>
> • Defendant shall file an affidavit of costs by July 6, 2015, to which the Plaintiffs may file objections by July 20, 2015.

1

Defendant's Counsel filed an Affidavit and the Plaintiffs file these Objections thereto.

First, Defendant's counsel states in the Affidavit that certain attorney fees have been incurred but does not attach an explanation of the hours vis a vis the hourly fees for the personnel employed for the work claimed nor does he attach any billing records, times sheets or time entries for the Court's review.

Defendant's counsel Affidavit does not differentiate who performed the tasks billed for or their rate of pay. There is no statement of experience or background of the personnel who worked on the file on behalf of the Defendant's counsel. Defendant presents no evidence that the billing rates are reasonable or consistent with comparable legal services in the Philadelphia area other than the declaration statement of Defendant's counsel to that effect.

Fee awards should include compensation only for "the number of the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Environmental Defense Fund v. Reilly*, 1 F.3d at 1258. Thus, "hours that are excessive, redundant, or otherwise unnecessary" are not compensable time in a fee application. *Board of Trustees v. JPR*, 136 F.3d at 800.

When applicants claim excessive amounts of time to perform their tasks, the courts readily reduce the allowed hours. See *Michigan v. Environmental Protection Agency*, 254 F.3d 1087, 1093 (D.C. Cir. 2001). Courts are to apply their own judgment as to how much time was appropriate for the work product that resulted. See *American Petroleum Institute v. EPA*, 72 F.3d 907, 917 (D.C. Cir. 1996). However, here it is unknown for example if multiple attorneys performed the same tasks, such as drafting, reviewing and editing briefs. Plaintiffs cannot object to the accuracy of the claimed amounts or the reasonableness of same without this pertinent

2

information.

In addition, work claimed will be of use in subsequent litigation, such as 7.a, review of the Plaintiff's Complaint, etc. In 7. b. & c., the work seems duplicative, especially the analysis of the removal strategy and damages.

As to the Defendant's claimed costs, to recover costs, a defendant must show it suffered prejudice in the form of "needless expenditures." This is especially true early in the litigation. See *Atkinson v. Forest Research Institute, Inc.*, 2015 U.S. Dist. LEXIS 22458, 2015 WL 790220, at *6 (D. N.J. Feb. 25, 2015) (declining to award costs under 41(d) where action "ha[d] not progressed far beyond the initial pleadings, discovery [had] been minimal, [and] any materials that ha[d] been provided [would] likely be relevant in subsequent litigation"). This matter is and was very early in the litigation. The expenditures include filings in state court for the Defendant's entry of appearance and jury demand. The Defendant did not have to file a jury demand and the matter could have been heard by a judge or at arbitration had the Defendant not filed for a jury demand. In addition, it was the Defendant's decision to remove the case to federal court and not the Plaintiff's.

There are other costs that are not well defined by the author of the work, title or capacity and/or time spent. Without more specific information, Plaintiffs cannot formulate an appropriate Objection. The Honorable Court should therefore, dismiss the entire Defendant's fee request.

Finally, Plaintiffs object to the imposition of costs of attorney fees. The plain language of Rule 41 (d), which does not refer to "attorney fees," implies that "costs" do not include "attorney fees." Fed. R. Civ. P. 41(d). The exclusion from a statute of any mention of attorney fees bears significantly on the determination of whether the award of such fees was intended. See *Marek v.*

3

*Chesny*, 473 U.S. 1, 8-9, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985).

"Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing. The law generally recognizes a difference between the terms 'costs' and 'attorney fees'... we must assume that Congress was aware of the distinction and was careful with its words when it approved Rule 41(d)." *Rogers v. Walmart*, 230 F.3d 868, 874. When comparing FRCP 41(d) to other provisions of the Federal Rules that expressly provide for the award of attorney fees, there is no provision for attorney fees therein. See, e.g., Fed. R. Civ. P. 4(d)(2)(B), 16(f), 30(g), 37(c)-(f), 54(d), 58(e). *Collier v. Nat'l Penn Bank*, 2013 U.S. Dist. LEXIS 185042 (USDC EPA 2013).

Wherefore, Plaintiffs respectfully request the court to disallow the Defendant's claim for fees pursuant to F.R.C.P. 41.

Respectfully Submitted,

Date:   December 30, 2016

/s/ Rhonda Hill Wilson
Rhonda Hill Wilson, Esquire
1500 John F. Kennedy Blvd., Suite 820
Philadelphia, PA 19102

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sariah Bishop, a minor by her parent and legal guardian, Azania Muwwakkil and Azania Muwwakkil, in her own right<br><br>*Plaintiffs*<br><br>v.<br><br>KinderCare Learning Centers, LLC<br><br>*Defendant* | CIVIL ACTION<br><br>No. 15-1499 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this December 30, 2016, a true and correct copy of the foregoing Objections to Affidavit was forwarded to counsel for Defendant via the Court's Electronic Filing System (ECF).

Edward A. Greenberg, Esquire
Ward Greenberg Heller & Reidy LLP
1835 Market Street
Suite 650
Philadelphia, PA 19103

By: /s/ Rhonda Hill Wilson
RHONDA HILL WILSON, ESQUIRE
Law Offices of Rhonda Hill Wilson, P.C.
1500 John F. Kennedy Boulevard, Suite #820
Philadelphia, PA 19102-1737
rhwilson@philly-attorney.com
*Attorney for Plaintiffs*